UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J. HUBERTY, et. al., | No. 2:22-cv-827-KJM-KJN PS |
| Plaintiffs, | ORDER GRANTING LEAVE TO AMEND |
| v. | (ECF Nos. 10, 13.) |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

Presently pending before the court is defendant Internal Revenue Service's ("IRS") motion to dismiss and a motion to amend the complaint from plaintiffs Matthew Huberty and Robert Huberty.[1] (ECF Nos. 10, 13.) Plaintiffs, who proceed without counsel, filed an opposition to defendant's motion and defendant replied. (ECF Nos. 12, 14.) Defendant and plaintiffs' motions were submitted without a hearing pursuant to Local Rule 230(g), but the hearing was reinstated to resolve pertinent issues. (ECF Nos. 11, 15.) At the January 3, 2023 hearing, Matthew and Robert Huberty appeared, as did counsel for the IRS. (ECF No. 16.)

The undersigned has considered the record in this case and, for the reasons stated below, finds that the court lacks jurisdiction to consider Matthew Huberty's claim, but finds Robert Huberty should be allowed to amend the complaint after obtaining counsel.

---

[1] This motion is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72.

1

## I.     BACKGROUND

### Facts from the Complaint

According to the initial complaint, plaintiff Matthew Huberty, acting as a certified public accountant, filed with defendant an application on April 3, 2019, for an automatic extension of time to file decedent Barbara Huberty's 2018 tax return. (ECF No. 1 at 1-2.) On May 3, 2019, an Ohio probate court appointed Robert Huberty as the fiduciary of decedent's estate. (Id. at 2.)

On October 3, 2019, Matthew Huberty, in a professional capacity, prepared and filed decedent's 2018 tax return and tax refund claim. (ECF No. 1 at 1-2.) At a time not alleged, Robert Huberty filed a Statement of Person Claiming Refund Due a Deceased Taxpayer ("Form 1310"), requesting a $2,102 refund on behalf of decedent's estate for taxes allegedly overpaid in decedent's 2018 tax return. (Id. at 2.) Over several years, defendant requested plaintiffs provide additional signed copies of decedent's 2018 tax return and tax refund filings. (ECF No. 1 at 2.) Plaintiffs complied with defendant's requests. (Id.) As of May 13, 2022, defendant has not issued a tax refund to Robert Huberty or decedent's estate. (Id.)

### Facts from Plaintiffs' Moving Papers

Plaintiffs' opposition and motion to amend allege that Robert Huberty signed decedent's 2018 tax return and tax refund claim as the fiduciary of decedent's estate. (ECF Nos. 12 at 2, 13 at 2.) Additionally, the opposition alleges Matthew Huberty and Robert Huberty are beneficiaries of decedent's estate. (ECF No. 12 at 2.)

### Procedural Posture

On May 13, 2022, plaintiffs filed a pro se civil complaint against defendant on behalf of decedent's estate for taxes allegedly overpaid in decedent's 2018 tax return. (ECF No. 1.) The caption of the complaint refers to "Huberty & Huberty" as plaintiffs, however only Matthew Huberty's signature appears in the complaint. (ECF No. 1 at 1). Plaintiffs seek damages in the amount of $2,102.00 in taxes overpaid, in addition to filing fees, interest accrued, and costs on behalf of decedent's estate. (Id.)

On October 7, 2022, defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or, in the alternative, for improper venue pursuant to Rule

2

1  12(b)(4).  (ECF No. 10.)  Defendant contends Matthew Huberty is the sole plaintiff to the action, and so the court lacks subject matter jurisdiction because Matthew Huberty lacks standing.  (Id. at 1.)  Defendant contends Matthew Huberty is neither "the person who allegedly made the overpayment" nor "the estate's legal representative" as required to bring a tax return suit on behalf of decedent's estate.  (Id. at 3-4.)

Plaintiffs failed to respond to defendant's motion and the court vacated the hearing.  (ECF No. 11.)  The court instructed Matthew Huberty to respond to defendant's motion by November 14, 2022, warning him that the motion would be submitted for a decision based on the record should he not respond.  (Id.)

Thereafter, plaintiffs filed an opposition and a motion to amend their complaint.  (ECF Nos. 12, 13.)  Plaintiffs' subsequent filings, unlike the initial complaint, include signatures by Robert Huberty.  (ECF No. 12 at 4, ECF No. 13 at 3.)  Plaintiffs oppose defendant's motion on the grounds that defendant misinterprets Matthew Huberty as proceeding on behalf of Robert Huberty and decedent's estate.  (ECF No. 12 at 1-2.)  Specifically, the opposition contends both Matthew Huberty and Robert Huberty are plaintiffs.  (Id.)

Defendant filed a reply on November 21, 2022, realleging Robert Huberty as an improper plaintiff and Matthew Huberty's lack of standing.  (ECF No. 14 at 1.)  Defendant further contends that even if the court considers Robert Huberty as a plaintiff, he may not proceed on behalf of decedent's estate without attorney representation.  (Id.)

Thereafter, both Matthew and Robert Huberty (and the IRS) were instructed to appear for a hearing.  (ECF No. 15.)  At the hearing, the court confirmed that Robert Huberty is the executor of his aunt's estate and that both he and Matthew are beneficiaries of the estate.

## II.   LEGAL STANDARDS

### Subject Matter Jurisdiction and Standing

A motion to dismiss pursuant to Rule 12(b)(1) [2] challenges the court's subject matter jurisdiction over a claim.  Federal district courts are courts of limited jurisdiction that "may not

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

3

grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (cleaned up).  When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court takes the allegations in the complaint as true.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  However, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

"When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Communities for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by Hertz Corp v. Friend, 559 U.S. 77 (2010).  Standing is at the core of subject matter jurisdiction, and plaintiffs must prove standing to assert the claim.  See Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007); see also Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020) (noting that plaintiffs must establish standing by showing an injury in fact caused by the defendant that may be redressed in court).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Rule 12(h)(3).

**Amended Complaints**

Under the Federal Rules, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  See Rule 15(a)(2).  The Ninth Circuit has pronounced that the policy favoring amendments to pleadings should be applied with "extreme liberality."  See Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991).  In considering whether to grant leave to amend, courts consider the following factors: "'undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party."  See United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  These factors do not carry equal weight.  "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  See Webb, 655 F.2d at 980.  "Prejudice to the opposing party is the most important

factor." See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### III. DISCUSSION

**A. Both Matthew Huberty and Robert Huberty are movants in this case.**

Generally, "[e]very pleading, written motion, and other paper must be signed by … by a party personally if the party is unrepresented." See Rule 11(a); see also Local Rule 131(b) ("All pleadings and non-evidentiary documents shall be signed … by the party involved if that party is appearing in propria persona."). Given the absence of Robert Huberty's signature on the initial complaint (ECF No. 1), the court and defendant interpreted Matthew Huberty to assert the claim on behalf of Robert Huberty and decedent's estate. Plaintiffs' opposition however contends that Robert Huberty was a "plaintiff[] in the initial filing." (ECF No. 12 at 1.) Even though Rule 11(a) governs pleadings, "pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Ko v. Mut. Pharm. Co., Inc., 2013 WL 3338596, at *2 (N.D. Cal. July 1, 2013) (indicating courts ordinarily grant pro se litigants an opportunity to correct deficient signatures). Additionally, the court noted inconsistencies in Robert Huberty's subsequent signatures (ECF Nos. 12 at 4, 13 at 3). However, at the hearing, Robert Huberty confirmed his participation in the suit. Given the policy favoring leniency towards pro se litigants, the court considers both Matthew Huberty and Robert Huberty to be plaintiffs to the action at this time.

**B. Matthew Huberty and Robert Huberty presently lack standing.**

Litigants may bring a federal tax refund claim against the government in federal court under 26 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a). See 26 U.S.C. § 1346(a)(1) (authorizing civil actions against the United States for the recovery of wrongfully assessed or collected internal revenue taxes); see also 26 U.S.C. § 7422(a) (authorizing civil actions on tax refund or credit claims); see also Lovo v. IRS, 2022 WL 1425489, at *2 (E.D. Cal. May 5, 2022)

1 (recognizing the federal court's jurisdiction under 26 U.S.C. § 1346(a)(1) and 26 U.S.C.
2 § 7422(a) to hear tax refund actions against the IRS). Tax refund suits are permitted if the refund
3 claim was timely filed within either 3 years of the tax return filing or 2 years of the overpayment,
4 whichever expires later. See 26 U.S.C. § 6511(a); see also 26 U.S.C. § 7422(a) (indicating a tax
5 refund claim must be timely filed before proceeding in federal court).

6 Plaintiffs alleging a tax refund claim in federal court must establish standing. See Bruce
7 v. U.S., 759 F.2d 755, 759 (9th Cir. 1985) (noting standing as a threshold for subject matter
8 jurisdiction in federal tax refund cases). Specifically, 26 U.S.C. § 6402(a) limits standing to
9 pursue a tax refund claim to "the person who made the overpayment." See 26 U.S.C. § 6402(a);
10 see also Bruce, 759 F.2d at 759 ("We conclude that the facts of each case must be analyzed to
11 determine whether a plaintiff has standing to obtain a refund under § 6402(a)."). Where the tax
12 refund is filed on behalf of an estate, an appointed representative of the estate may pursue the tax
13 refund claim. See IRS Form 1310 ("[T]he personal representative must file for the refund" if "a
14 court has appointed a personal representative for the estate of the decedent[.]"); see also
15 Ahmanson Found. v. U.S., 674 F.2d 761, 768 (9th Cir. 1981) (indicating a litigant may file a tax
16 refund suit on behalf of an estate if they are the appointed administrator or executor of the estate).

17 However, an administrator of estate may not represent the estate pro se if there are other
18 beneficiaries or creditors of the estate. See Stephen[s] v. St. Francis Med. Ctr., 2018 WL
19 3655659, at 13* (C.D. Cal. June 22, 2018); see also Stoner v. Santa Clara County Off. of Educ.,
20 502 F.3d 1116, 1127 (9th Cir. 2007) (noting the general pro se provision under 28 U.S.C. § 1654
21 does not authorize plaintiffs to proceed pro se on behalf of the interests of others in federal court);
22 see also Mills v. U.S., 742 F.3d 400, 406 (9th Cir. 2014) (noting among other requirements of
23 standing, a plaintiff must assert his own legal rights and interests and not the legal rights or
24 interests of third parties); see also Moore v. Natl. City Mortg. Co., 2010 WL 2176456 (D. Haw.
25 May 25, 2010) (holding a personal representative of an estate, acting pro se, lacks standing to
26 represent decedent's estate where the estate has multiple beneficiaries or creditors). Accordingly,
27 an administrator proceeding pro se must demonstrate that they are the sole beneficiary of the
28 estate and that there are no other beneficiaries or creditors to pursue a claim on behalf of an

estate. See Methven and Associates Prof. Corportation v. Paradies-Stroud, 2013 WL 12187701, at *2 (N.D. Cal. Dec. 19, 2013). Absent standing, the court must dismiss the action for a lack of subject matter jurisdiction. See Bates, 511 F.3d at 985; see also Rule 12(h)(3).

   i. Matthew Huberty lacks standing to pursue a tax-refund suit on behalf of decedent's estate.

Neither Matthew Huberty's preparation of decedent's tax return nor his status as a beneficiary of decedent's estate establish standing to bring suit. Title 26 U.S.C. § 6402(a) specifically limits the right to file an action for a tax refund to the "person who made the overpayment." See 26 U.S.C. § 6402(a); see also Bruce, 759 F.2d at 759 (noting that 26 U.S.C. § 6402(a) establishes standing in tax refund suits). The complaint alleges Matthew Huberty prepared decedent's tax return (ECF No. 1 at 1-2), however it fails to indicate that plaintiff, rather than decedent's estate, made the overpayment. See Riggs v. U.S., 1996 WL 756511, at *2 (C.D. Cal. Aug. 19, 1996) (holding a plaintiff lacked standing to pursue a tax refund claim where taxes assessed against plaintiff were paid by a third party).

Additionally, Form 1310 states that once a "court has appointed a personal representative for the estate of the decedent" named in the tax return, "the personal representative must file for the refund." See Form 1310. Although Matthew Huberty alleges he is a beneficiary of the estate, Robert Huberty is the estates' appointed fiduciary. (ECF Nos. 1 at 2, 12 at 2.) See Ahmanson Found., 674 F.2d at 768 (indicating that the appointed administrator or executor of the estate must file a tax refund suit on behalf of the estate). Matthew Huberty therefore lacks standing and may not proceed in the action. See Bates, 511 F.3d at 985.

   ii. Robert Huberty lacks standing to pursue a tax-refund suit on behalf of decedent's estate if proceeding without the services of an attorney.

Robert Huberty, as fiduciary of decedent's estate, may not pursue a tax-refund suit on behalf of the estate if unrepresented. Generally, "the personal representative [of the estate] must file for the refund[.]" See IRS Form 1310; see also Ahmanson Found, 674 F.2d at 768. However, courts interpreting standing requirements in similar cases have held that a representative of an estate may not appear pro se where the estate has other creditors or

beneficiaries other than the estate representative.  See Stephen[s], 2018 WL 3655659, at 13*; see also Moore, 2010 WL 2176456, at *5 (finding that absent attorney representation, the administrator of an estate, proceeding pro se, lacked standing where the estate had multiple beneficiaries); see also Stoner, 502 F.3d at 1127; see also Mills, 742 F.3d at 406.  Here, Matthew Huberty and Robert Huberty contend they are among beneficiaries of the estate.  (ECF No. 12 at 2.)  Robert Huberty therefore lacks standing absent attorney representation.

### C. Robert Huberty is granted leave to amend.

The court applies "extreme liberality" to the construed motion to amend the initial complaint.  (ECF No. 14.)  See Roth, 942 F.2d at 628; see also Rule 15(a)(2).  A court may deny a motion to amend upon a strong finding of any of the following factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, or previous amendment.  See Webb, 655 F.2d at 980.  However, pro se litigants do not lose their right to proceed based on ignorance of technical procedural requirements.  See Balistreri, 901 F.2d 696, 699 (9th Cir. 1990).

Defendant opposes the proposed amended complaint based on futility.  (ECF No. 14 at 2.)  Specifically, defendant contends that even if Robert Huberty is a plaintiff, he failed to plead that no other beneficiaries or creditors of the estate exist as required to establish standing.  (Id.)  Despite the alleged deficiency, the court's consideration of the factors in light of Robert Huberty's pro se status warrants granting leave to amend.  See Balistreri, 901 F.2d 696, 699 (9th Cir. 1990).  Granting amendment would at worst inconvenience defendant while allowing Robert Huberty the opportunity to remedy the deficiency by obtaining counsel.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (indicating that courts favor giving pro se litigants the opportunity to cure deficiencies in the complaint where it appears at all possible the defects can be corrected).  Given that the court should freely give leave to amend when justice so requires and that no factor weighs towards finding otherwise, the undersigned grants Robert Huberty's motion to amend the complaint—upon his retention of counsel.  See Rule 15(a)(2).  Should Robert Huberty require more time than allotted to find an attorney, he shall discuss an extension of time with defense counsel.  Should Robert Huberty decide not to pursue this action in this court, he may file a notice of voluntary dismissal with the court pursuant to Rule 41(a).

Because counsel must be retained and an amended complaint must be filed, the court does not address the remaining issues raised in defendant's motion, including the venue issue.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 10) is GRANTED;
2. Plaintiff Matthew Huberty's initial complaint (ECF No. 1) is DISMISSED for lack of subject matter jurisdiction;
3. The Clerk of the Court is directed to terminate Matthew Huberty as a plaintiff and add Robert Huberty as a plaintiff;
4. Robert Huberty's motion to amend the complaint (ECF No. 13) is GRANTED; and
5. Within 45 days, Robert Huberty shall file an amended complaint using the services of retained counsel.

Dated: January 4, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/BH, hube.827